WILLIAM HALL et al., Respondents, *v.* BRIDGET SHEEHAN, Appellant.

Where materials are furnished for and are used indiscriminately in the erection of several contiguous buildings, they may, for the purposes of a mechanics' lien, be regarded as one building, and but one notice of lien need be filed covering all.

Under the lien law of 1862 (chap. 478, Laws of 1862), service of notice of the lien upon the owner of the land is not necessary to validate the lien; the lien is created by "filing the notice" (§ 1), and all that is required by way of notice to enforce the lien is that notice shall be annexed to the complaint (§ 2). The only object of service of notice upon the owner provided for by section 3 of said act, is to prevent payments by him to the contractor, etc., after service of notice.

Plaintiff filed a lien for materials furnished for thirty houses; he released fifteen houses upon being paid the full value of the materials which went into those houses. *Held,* that his lien upon the remaining fifteen houses for the balance of his account was not affected by the release.

(Argued April 6, 1877; decided April 17, 1877.)

THIS was an action to foreclose a mechanic's lien. The facts and the questions presented appear sufficiently in the head note.

The court cite *McAuley* v. *Meldrian* (1 Daly, 400); *Moran* v. *Chase* (52 N. Y., 346.)

*E. F. Bullard*, for appellant.

*W. E. Osborn*, for respondents.

EARL, J., reads for affirmance.
All concur, MILLER, J., absent.
Judgment affirmed.