MOSHER et al. v. LEWIS et al.

(Supreme Court, Appellate Division, Second Department. February 19, 1897.)

1. MECHANICS' LIENS—CONSENT OF OWNER.
     The improvement of a cellar at the request of lessees in possession, having permission from the owners to make alterations, is done with the consent of the owners, within Laws 1885, c. 342, § 1, relative to mechanics' liens.

2. SAME—LAYING OF SIDEWALK—LESSOR'S LIABILITY.
     A mechanic's lien may be filed, as against the owner of premises, for laying a sidewalk at the request of lessees in possession, having permission from the owner to alter and repair the premises, particularly where the lessees agreed to improve the premises, and the taking up of the old and the laying of the new sidewalk were necessary to effect the improvements; it appearing also that an ordinance required owners or lessees to maintain sidewalks of a kind different from that taken up, for the laying of which the mechanics' lien law (Laws 1885, c. 342) gives a lien, when done with the consent of the owner.

Appeal from special term, New York county.

Action by Merton S. Mosher and another against Charles Lewis and Barbette Lewis, as executors of the will of Joseph Lewis, deceased, impleaded with John W. Wilson and others, to foreclose a mechanic's lien. From a judgment in favor of plaintiffs, defendants Charles Lewis and Barbette Lewis appeal. Affirmed.

The action was commenced in the court of common pleas of the city and county of New York. A trial there resulted in a judgment dismissing the complaint, which judgment was reversed and a new trial granted by the general term of that court. The original defendants, Charles and Joseph Lewis, owners of premises on the southwesterly corner of Eighth avenue and Thirteenth street, in the city of New York, leased them to the defendants Wilson & Van Houten, by written lease of date February 7, 1893, for the term of 10 years from the 1st day of May then following. Joseph Lewis died since the first trial, and Barbette Lewis, as executrix of his will, has been substituted as a defendant.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Sidney H. Stuart, for appellants.
Andrew Shiland, Jr., for respondents.

BRADLEY, J. The claim for which the plaintiffs filed a mechanic's lien, which they seek to enforce by foreclosure, arose from materials furnished and services performed by them between the 15th day of April and the 15th day of June, 1893, at the request of the defendants Wilson & Van Houten, lessees of Charles and Joseph Lewis, in making and laying the cellar floor, facing the cellar walls, and concreting the cellar, amounting in value to $233.76, and in making and laying an artificial sidewalk in front of the building on the premises on Eighth avenue and Thirteenth street, amounting in value to $350.64, making together $584.40. The controverted question is whether this was done with the consent of the owners and lessors, in such sense as to permit the plaintiffs to assert and have a lien on the interest of such owners in the premises for the value of such materials and services, within the meaning and by virtue of the statute (Laws 1885, c. 342, § 1). By reference to the lease, it is seen that Wilson & Van Houten, the lessees, agreed that they would either improve the buildings then on the premises, or erect new buildings thereon; would make all repairs at their own cost and expense; would preserve the buildings in, as good condition as they were at the time of the completion of such improvements; and would quit them in such condition at the expiration of the term of the lease. And, further, that they would not "make any alteration without the consent of the lessors." By a further provision, of date February 8, 1893, added at the foot of the lease, and subscribed by the lessors, permission was granted to the lessees "to make such alterations in the buildings demised by said lease as they may elect." And to enable them to avail themselves in the meantime of such permission, and the further permission hereinafter mentioned, the lessors, by another instrument of the same date, executed by them, consented that Wilson & Van Houten should have the possession of the premises from that date to the 1st day of May, 1893, at the rental rate of

$1,500 per annum, payable monthly in advance, and added, "consent is also given to said parties to alter and repair said premises." Wilson & Van Houten duly accepted the terms of that instrument, and agreed to perform accordingly. Thereupon Wilson & Van Houten went into possession of the premises, and proceeded to make alterations and improvements, a portion only of which is the subject of consideration here. In addition to the work before referred to, in the cellar, the lessees caused a vault to be excavated therefrom to the curb line, walled, and fitted it up as an extension of the basement room of the building. In doing this the old sidewalk was removed. The plaintiffs furnished the materials for and performed the work of laying the sidewalk over the vault. On review of the former trial, the court of common pleas, in opinion delivered by Judge Bischoff, held that, upon the facts as they then appeared, the plaintiffs acquired a lien upon the title of the lessors for the amount of their claim other than for making the sidewalk. 10 Misc. Rep. 373, 31 N. Y. Supp. 433. In that respect the views and conclusions there expressed are adopted. Upon the subject of that claim, it may be assumed that the evidence is here no less for its support than it was on that trial.

As has already been observed, the tenants, Wilson & Van Houten, were lawfully in possession of the premises, having permission of their lessors to make such alterations and repairs as they should elect. Those made were of the freehold, and came within those which the lessees, by the terms of the lease, were required to leave in good condition on the surrender of the premises to the lessors. They having thus given permission to make such improvements, and apparently, by their presence, or that one of them, from time to time, during the progress of the work, acquiesced in and consented to them as made, the conclusion is fairly warranted that the work was done with their consent, within the meaning of the statute before referred to; and therefore the plaintiffs were permitted to avail themselves of it to acquire a lien upon the estate of the lessors, as owners of the premises. Burkitt v. Harper, 79 N. Y. 275; Otis v. Dodd, 90 N. Y. 336; Schmalz v. Mead, 125 N. Y. 188, 26 N. E. 251; Cowen v. Paddock, 137 N. Y. 188, 33 N. E. 154. On the review of the former trial the view of the court was that the lien of the plaintiffs for making the sidewalk was not established, because there was an absence of evidence of the owners' consent as to that work. Reference was made by the court on that review to the fact that the written permission made subsequently to the date of the lease was expressly limited to alterations in the buildings demised. It is apparent from this expression in the opinion, and the fact was, that the further consent given to the lessees "to alter and repair the said premises" was not in evidence on that trial. There was also then the absence of the evidence introduced on the last trial to the effect that the taking up of the old sidewalk and the laying of the new one were necessary to the improvement of extending the room of the cellar by means of the vault. And further evidence not appearing on the first trial, and introduced on the last one, consisted of certain ordinances of the city of New York, containing the provisions that the owner,

lessee, or occupant of any building fronting on a street or avenue should, at his own charge and expense, pave, according to the ordinances of the city, and keep and maintain in repair, the sidewalks, curb, and gutter of such street or avenue in front of such building; also, describing the stone with which the sidewalks should be paved, and specifying how the stone should be laid, excluding the use of bricks and round paving stones, and imposing a penalty for nonobservance of such directions. The evidence tends to prove that the sidewalk removed was composed of bricks and broken flags, and that when the sidewalk had been taken up, and the work of constructing the vault was proceeding, one of the defendant lessors was there, and, in a conversation with one of the lessees,— being informed how the new sidewalk would be constructed,— said it would be very nice, and improve the property. This vault and sidewalk constituted an alteration and improvement of the realty beneficial in character. It is common knowledge that vaults are extended under sidewalks in cities to enlarge cellars or basements of buildings for purposes practically useful to their occupants. The view taken of the additional facts appearing by the evidence on the last trial is that they supply what was absent on the first trial to support a lien for the plaintiffs' claim arising from the construction of the sidewalk, and that such improvement, in view of the vault, came within the alterations and repairs of the premises which the lessors gave consent to the tenants to make. It may, in this connection, be observed that reference to the work of construction and repair of sidewalks is expressly made by the act of 1885 as that for which a lien may be acquired, when done with the consent of the owner, within the meaning of the provisions of that act. While, as to the public, the duty to maintain in repair the sidewalks is with the municipality, the expense of it is chargeable to the owners of the adjacent buildings. Laws 1887, c. 569. And by the ordinances before mentioned the city has sought to impose upon the owners the primary duty to make and maintain the sidewalks. But in the present case it is a significant fact that the work of making and laying the sidewalk was rendered necessary by the conditions of the improvement of the premises made by extending the basement, and therefore was essential to such improvement.

In support of his contention that there was no consent, within the contemplation of the statute, to charge the estate of the owners with the lien, the learned counsel for the appellate cited, among others, the case of Havens v. Light Co. (Sup.) 17 N. Y. Supp. 580; Id., 20 N. Y. Supp. 764; Id., 143 N. Y. 632, 37 N. E. 827. There it was held that, although the owner had knowledge of the performance of the work caused to be done by the tenant in erecting structures on the demised premises, he did not consent to it, within the meaning of the statute. The lease in that case contained no provision or permission for the construction of the buildings, which were erected for the purposes of trade by the tenant. The lessor had no power to prevent the tenant from making such improvements as he saw fit, by way of erection of structures for his own use. The owner might derive no ultimate benefit from them. The views expressed

in the opinion of the court in that case, at general term (20 N. Y. Supp. 764), clearly present the propositions upon which its determination rested, as distinguished from that upon which the right to a lien may be acquired under the statute. The case has no essential application to the one at bar. It may be assumed, upon the evidence in the present case, that it was contemplated that the owners would derive an ultimate benefit from the improvements to which the work and materials of the plaintiffs contributed. By reason of some default on the part of the lessees, the owners were enabled to and did resume possession of the premises before the close of the first year. The question whether the plaintiffs were chargeable with notice of the provisions of the lease to the effect that improvements were to be made at the expense of the lessees is not deemed important, as the right to a lien upon the estate of the owners was not dependent upon the personal liability of the latter for the work and materials employed in making them. Schmalz v. Mead, 125 N. Y. 188, 193, 26 N. E. 251. And it may be added that our attention is called to no statute which renders the record of the lease constructive notice to the plaintiffs of its provisions. No other question seems to require the expression of consideration.

The judgment should be affirmed. All concur.