DEEGAN et al. v. KILPATRICK et al.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

1. EXCAVATION OF ADJOINING LOTS — ENFORCEMENT OF MECHANIC'S LIEN AGAINST SEVERAL OWNERS.

Where the several owners of two contiguous lots jointly contract for their excavation, treating the lots as one parcel, and jointly obligating themselves to pay for the work done at an agreed price per cubic yard, irrespective of the question of title, the contractors may treat them as one parcel in filing a notice and enforcing a lien against the same, and need not proceed against the lots separately.

2. APPEAL—REVIEW—FINDING OF FACT BY COURT.

A finding of fact by the trial court is conclusive on appeal, there being evidence to sustain it.

Appeal from special term, New York county.

Action by Dennis Deegan and another against James and Edward Kilpatrick to foreclose a mechanic's lien. From a judgment for plaintiffs entered on a decision of the court, defendants appeal. Affirmed. .

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Ambrose C. Smith, for appellants.
George W. Glaze, for respondents.

McLAUGHLIN, J.   Action to foreclose a mechanic's lien.  Upon the trial it appeared that the plaintiffs, under the firm name of Deegan & Co., entered into a written contract with the defendants, which reads as follows:

"New York, June 6, 1898.

"By this agreement between Dennis Deegan and Patrick F. Guidera, of the first part, and James Kilpatrick and Edward W. Kilpatrick, of the second part, the parties of the first part agree to excavate and cart away the earth at N. W. Cor. Madison Ave. 95th St. to a depth of 9 ft. (nine feet) below the curb, for seventy-five cents (75 cts.) per cubic yard, and one hundred and seventy-five cents ($1.75) per cubic yard for rock; the work to be done as quickly as possible. The parties of the first part doing business at 215–231 E. 94th St. under the firm name of Deegan & Co.; the parties of the second part doing business at 50 West 67th St.   The depth of trenches to be determined after we have got down 9 ft. below the curb.  The payments to be made every two weeks on a basis of half cash and half note at three months.

"James Kilpatrick.
"Patrick Guidera.
"Edward W. Kilpatrick.
."Dennis Deegan."

—That after the execution of the contract the plaintiffs performed all of the conditions therein specified on their part to be performed, and thereby became entitled to receive from the defendants $1,427.25.   It also appeared that the property described in the notice of lien as one parcel in fact consisted of two adjoining lots, each one of which was owned by one of the defendants.   At the close of the plaintiffs' case, and again at the close of the whole case, the defendants moved to dismiss the complaint, upon the ground, among others, that the "plaintiffs cannot maintain this action, because it appears by the lien itself that the lien is filed against the premises described as a whole, and, so far as the evidence from the lien itself is concerned, it appears that the defendants are tenants in common in the entire premises; whereas the allegations of the complaint show a title in severalty in the two defendants, and this is an effort to foreclose a lien on two separate pieces of property against two different defendants in one action."   The motions were denied, and exceptions taken.   Judgment was rendered in favor of the plaintiffs for $1,427.25, establishing a lien upon the lots for that amount, and directing a foreclosure.   The defendants have appealed, and the exceptions referred to present the principal questions to be determined. .

The appellants contend that, inasmuch as they did not jointly have title to the entire premises upon which the lien is sought to be

enforced, a single lien cannot be acquired upon the entire plot, but that, if the plaintiffs have a lien at all, it is a separate one upon each lot; and that, inasmuch as the contract provided that payment for the work was to be made by the yard, the plaintiffs were in a position to determine just how many yards of rock and earth were taken from each lot, and therefore they should have filed separate liens against the owners of each lot for the work done for him. But the contract does not so provide. On the contrary, the provisions of it are that the defendants jointly obligate themselves to pay for the work done, irrespective of the question of the title. The two lots are contiguous, and by the contract were treated as one parcel. The defendants had the right to thus treat them, and the plaintiffs had an equal right to treat them in the same manner, so far as it became necessary to file a notice of lien, or to enforce the same for the purpose of obtaining what the defendants had agreed to pay. This being so, it follows that they had the right to acquire a lien upon the two lots for the work performed, and for that purpose could treat the two lots as one parcel. Hall v. Sheehan, 69 N. Y. 618. In the case just cited materials were furnished for and used in the erection of several adjoining buildings, and it was there held that, "where materials are furnished for and used indiscriminately in the erection of several contiguous buildings, they may, for the purpose of a mechanic's lien, be regarded as one building, and but one notice of lien need be filed covering all." The case of Mandeville v. Reed, 13 Abb. Prac. 173, is also in point. There two defendants made a joint contract for the erection of two houses, one to be placed on a lot owned by one of the defendants, and the other on a lot owned by the other defendant; and it was held that the plaintiff could enforce a lien against all of the lots for the entire work done. The court, in disposing of the question, said:

"The two defendants having made a joint contract in writing with Gilman for the erection of two houses, although one was to be and was placed on a lot owned in severalty by one defendant, and the other on another lot owned in like manner by the other defendant, under the provisions of the act of 1830 (Laws 1830, c. 330, p. 412) are jointly liable to the plaintiff, who performed the work in building the stairs in the houses respectively, if the plaintiff has complied on his part with the provisions of the statute requisite to entitle one to obtain a lien who performs work towards the erection, construction, or finishing of any building in the city of New York, erected under a contract in writing between the owner and builder or other person. The fact that the defendants did not jointly own the lots on which the houses were erected is, as I think, wholly immaterial. They may be regarded as owners in respect to the contract with the builder of the houses, within the true interpretation of the statute."

Here the defendants jointly obligated themselves to pay for the work performed upon the lots described, and the plaintiffs, having performed the terms of the contract on their part to be performed, had the right to look to both defendants for their pay, and for that purpose could, under the statute giving them a lien upon the lots for the payment of such work, enforce a lien against the two lots as one parcel, irrespective of the question as to whether or not the defendants jointly held the title. It is also urged in the brief filed that the amount of the judgment by which the lien was established

is not sustained by the evidence. A careful consideration of the testimony offered, however, satisfies us that a question of fact was presented in that respect, which was for the trial court to determine; and it having reached the conclusion that the plaintiffs were entitled to recover the amount stated, and there being evidence to sustain that finding, this court ought not to interfere with it.

It follows, therefore, that the judgment appealed from must be affirmed, with costs. All concur.