### MILLER v. SCHMITT et al.

(Supreme Court, Special Term, New York County. January 9, 1901.)

1. MECHANIC'S LIEN—LAND SUBJECT.
   Where two lots were treated as one, by the construction of a building across them, the right to a mechanic's lien for material furnished for the building attaches to both lots; it being impossible to distinguish the amount going into each lot separately.

2. SAME—PARTIES—JOINDER.
   Where the owners of adjoining lots contracted to convey them, retaining the legal title as security, but permitted the grantee to take possession and treat the lots as one parcel, by building a house across them, and consented that another might furnish material for the house, the lots were chargeable with the material man's lien, and the legal owners were properly joined in a suit to foreclose the lien.

Foreclosure of mechanic's lien by Clifford L. Miller aginst Andrew Schmitt and others. Judgment for plaintiff.

Miller, Decker & Miller, for plaintiff.
Jacob Fromme, for defendant Schmitt.
Foster & Speir, for defendant Ahr.

McADAM, J. The defendant Schmitt contracted to sell a lot of land to Nickisch, and the defendant Ahr contracted to sell to him

another immediately adjoining; and Nickisch thereby became the equitable owner of both lots, which he united into one piece of land; Schmitt and Ahr retaining the legal title in trust as security for the purchase money. The owners allowed Nickisch to take possession, whereupon he commenced to build a house across the two lots; and Schmitt and Ahr consented thereto, and further consented that the plaintiff might furnish material to aid in the construction of such a building, whereupon the plaintiff furnished such material to the amount of $1.009.90. The plaintiff subsequently filed a mechanic's lien under Laws 1897, c. 418, for the amount due, and the present suit is in equity to foreclose the same. The equitable title to both lots having vested in Nickisch together with possession, and the material having gone into the improvement of both lots as one piece of land, the right to file a lien attached thereto; it being impossible, by reason of the acts of the defendants, to distinguish the amount going into each separately. See Deegan v. Kilpatrick, 54 App. Div. 371, 66 N. Y. Supp. 628; Hall v. Sheehan, 69 N. Y. 618; Mandeville v. Read, 13 Abb. Prac. 173; McAuley v. Meldrum, 1 Daly, 400; Moran v. Chase, 52 N. Y. 346; Choteau v. Thompson, 2 Ohio St. 124. The assent of the two owners that Nickisch might use the lots as one piece of land, by constructing one building across both, and that the plaintiff might furnish material towards the erection of such a structure, sufficiently charges the property with the plaintiff's demand. Otis v. Dodd, 90 N. Y. 336; Schmalz v. Mead, 125 N. Y. 128, 26 N. E. 251; Cowen v. Paddock, 137 N. Y. 188, 33 N. E. 154; Paper Co. v. Sire, 163 N. Y. 122, 57 N. E. 293; Mosher v. Lewis, 14 App. Div. 565, 43 N. Y. Supp. 1052; Ross v. Simon (Com. Pl.) 9 N. Y. Supp. 536.

There was, therefore, no misjoinder in making said two owners parties, and, as the complaint sets forth a good equitable cause of action against all of the defendants to foreclose a lien, the plaintiff is entitled to judgment on the separate demurrers interposed, with leave, however, to said owners to withdraw said demurrers and answer over on payment within 10 days of $20 costs, the trial fee of an issue of law.