### PICKETT *v.* GOLLNER.

(*City Court of Brooklyn, General Term.* October 28, 1889.)

MECHANICS' LIENS—FOR WHAT OBTAINED—SODDING LOT.
    Laws N. Y. 1885, c. 342, § 1, providing that any one who shall perform any labor, or furnish any materials to be used in altering or repairing any "building or building lot, including fences, sidewalks, paving, fountains, fish-ponds, fruit and ornamental trees," shall have a lien, includes a claim for terracing and sodding a building lot.

Appeal from special term.
Action by William P. Pickett, as assignee, against Ada F. M. Gollner to enforce a mechanic's lien. Judgment for plaintiff, and defendant appeals.
Laws N. Y. 1885, c. 342, § 1, provides that "any person * * * who shall hereafter perform any labor or services, or furnish any materials which have been used, or which are to be used in erecting, altering, or repairing any house, * * * building, or building lot, including fences, sidewalks, paving, fountains, fish-ponds, fruit and ornamental trees, * * * may, upon filing the notice of lien prescribed in the fourth section of this act, have a lien," etc.
Argued before CLEMENT, C. J., and VAN WYCK, J.
*Alfred R. Page*, for appellant.   *H. F. Koepke*, for respondent.

VAN WYCK, J. In our opinion the language of this mechanic's lien statute (Laws 1885, c. 342, § 1) is broad enough to include a claim for terracing

and sodding the yard of a building lot. *Moran* v. *Chase*, 52 N. Y. 346; *Kenney* v. *Apgar*, 93 N. Y. 549. The form of the judgment is substantially correct. *Lawson* v. *Reilly*, 13 Civ. Proc. R. 290. The other questions raised by appellant have been disposed of adversely to him by the court of appeals in *Kenney* v. *Apgar*, 93 N. Y. 539. Judgment must be affirmed, with costs.