## CLEVELAND-McLEOD LUMBER COMPANY *v.* McLEOD.

### Opinion delivered October 31, 1910.

1. EVIDENCE—VARYING WRITING BY PAROL—DISTINCTION BETWEEN RECEIPT AND RELEASE.—While a receipt is only *prima facie* evidence of payment, and may be rebutted by proof that no payment was in fact made, a release, which is an express agreement in writing for a release of enumerated demands or of all demands, is binding unless set aside on account of fraud or mistake, and cannot be contradicted or varied by oral testimony. (Page 408.)

2. SAME—CONTRADICTING RECEIPT BY PAROL.—An instrument which contains no element of a release of all demands, but is merely an account for balance on claims and a receipt for the money paid in discharge thereof, may by parol evidence be shown not to have included a certain item. (Page 409.)

3. SAME—RES INTER ALIOS ACTA.—A judgment in a former suit between plaintiff and a stranger is inadmissible as an adjudication of plaintiff's rights, so far as concerned his claim in the action against the defendant. (Page 409.)

4. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—A question as to the validity of plaintiff's contract with defendant, not raised in the trial court. cannot-be raised on appeal. (Page 409.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*Ira D. Oglesby,* for appellant.

1. The contract between appellee and Cleveland, partners acting in their own interest, with themselves as officials of the corporation, the same not being ratified by the corporation, was illegal. Morawetz on Corp. § § 517-527; 84 Ark. 444; 91 Ark. 147.

2. There was testimony to support instruction No. 2, requested by appellant, and it should have been given. 90 Ark. 248; 87 Ark. 243; 76 Ark. 227; 77 Ark. 128; *Id.* 201; 76 Ark. 348; 69 Ark. 134; *Id.* 289; 67 Ark. 594; 68 Ark. 106.

3. The third instruction requested by appellant should have been given. The suit of Cleveland against McLeod settled all issues and questions decided in that case, and to what extent they affected appellee's right to recover in this case was a question for the jury. 89 Ark. 542; 83 Ark. 545.

*C. E. & H. P. Warner* and *Read & McDonough,* for appellee.

1. The contract is binding upon the appellant. That it received the lumber is evidence of ratification. Having received the benefits of the contract, it can not now repudiate it. 74 Ark. 190.

2. The court properly refused to give instruction No. 2. Receipts are not conclusive. 5 Ark. 62; *Id.* 558; 18 Ark. 78; 39 Ark. 583; 74 Ark. 288; 120 Ala. 221.

McCULLOCH, C. J. This is an action instituted by A. McLeod against the Cleveland-McLeod Lumber Company, a domestic corporation, to recover an amount alleged to be due on account, consisting of two items—$1,000 for the purchase price of the plaintiff's interest in a lot of lumber owned by him and G. W. Cleveland, and $153.84 for the price of another carload of lumber alleged to have been the property of plaintiff, but which was shipped by defendant to Fort Smith Chair Company. On a trial before a jury, a verdict was returned in favor of plaintiff for the sum of $557.42, with interest from September 4, 1905. Judgment was rendered accordingly, and defendant appealed.

The principal contention here is that the evidence does not sustain the verdict.   There is a sharp conflict in the evidence; the case having gone to the jury mainly on the testimony of the plaintiff and G. W. Cleveland.   The jury has settled the issue in favor of the plaintiff, and the only question on this branch of the case for us to decide is whether or not his testimony, giving it its strongest probative force, was sufficient to sustain the verdict.

The facts which his testimony tended to establish are that he and Cleveland entered into a contract to purchase lumber for resale, he to furnish the money and the profits to be divided equally between them after his money should be refunded, with 10 per cent. interest.   Pursuant to this contract, they accumulated a considerable amount of lumber, the greater portion of which was resold from time to time.   Before all the lumber was sold, the defendant corporation was organized, and the plaintiff and Cleveland were stockholders therein and managing officers thereof, there being, however, other stockholders.   Plaintiff testified that he had a conversation with Cleveland, representing the company, who stated that there was $1,200 or $1,500 worth of the lumber belonging to them remaining on the yards; and that they entered into a contract whereby he was to take credit on the books of the corporation for $1,000.   He states that he afterwards had a conversation with Mr. Speer, of Fort Smith, who was a director in the corporation, and he expressed his assent to the deal; and that subsequently he told Cleveland what Speer had said, and that he agreed to close up the lumber deal in that way, viz., that plaintiff was to be credited with $1,000 on the books of the corporation, and that the Cleveland-McLeod Lumber Company was to have and ship out what was on the yard and what was to come in.

Cleveland gives an entirely different version of the matter in his testimony, but, as already stated, we must treat that conflict in the testimony as settled by the verdict of the jury.   It was sufficient to warrant a verdict in favor of the plaintiff for the $1,000 item sued on.   It is unnecessary to consider the other item, inasmuch as the jury manifestly declined to allow it.   If the jury accepted the testimony of plaintiff, instead of Cleveland's testimony, the verdict should have been for as much

as $1,000, and defendant can not complain that it was less than that amount.

Prior to the institution of this suit there were other matters of accounts pending between plaintiff and defendant, and on November 24, 1906, they had a settlement in which the balance of $802.50 was found to be due plaintiff, which was paid by check on a bank at Fort Smith. An account was made out and receipt signed in the following form:

"Cleveland-McLeod Lumber Company.

"Horatio, Ark., Nov. 24, 1906.

"Balance on account of all claims against the Cleveland-

McLeod Lumber Company to this date............$802.50

"Received from Cleveland-McLeod Lumber Company the

amount of check on back hereof in full payment of

above account.

(Signature)                    "A. McLeod.

"Cleveland-McLeod Lumber Company.     No. 1859.

"$802.50.              Horatio, Ark., Nov. 24, 1906.

"Pay to the order of A. McLeod—address, Fort Smith, Arkansas—eight hundred two and 50-100 dollars.

"Cleveland-McLeod Lumber Company.

"Per G. W. Cleveland, Secretary.

"To First National Bank, Fort Smith, Arkansas."

The plaintiff testified that the item of $1,000 was not embraced in this settlement, but that on the contrary it was expressly understood that that item was omitted from the settlement, and was to be subject to further negotiations. Defendant asked the court to give the following instruction, which request was refused:

"2. If the evidence shows that plaintiff claimed the items sued for and other items against defendant, and that defendant had claims against plaintiff, and afterwards a settlement was made between plaintiff and defendant, and the sum of $802.50 was on November 24, 1906, paid plaintiff as balance of account of all claims against the Cleveland-McLeod Lumber Company to this date, then plaintiff is not entitled to recover for differences existing prior to the said settlement."

This ruling of the court is assigned as error. It is settled by authorities too numerous to mention that a receipt is

only *prima facie* evidence of payment, which may be rebutted by proof that no payment was in fact made. A release, however, stands upon a somewhat different footing; and where there is an express agreement in writing for a release of enumerated demands or of all demands, this, like other contracts, is binding unless set aside on account of fraud or mistake, and can not be contradicted or varied by oral testimony. *Burton v. Merrick,* 21 Ark. 357; *Kahn v. Metz,* 88 Ark. 363; *Cache Valley Lumber Co. v. Culver Lumber Co.,* 93 Ark. 383.

It will be observed, however, from the wording of the writing executed by plaintiff, that it contains no element of a release of all demands. It is merely an account for balance on claims and a receipt for the money paid in discharge thereof. It does not purport to release all demands, and it was competent to show, without violating any rule of evidence, that the item sued on was not one of the items of the account in satisfaction of which the payment was made and the receipt given. The instruction asked was based on the theory that the receipt was conclusive in settlement of all demands which existed between the parties, and it was therefore erroneous, and the court properly refused to give it.

Defendant introduced in evidence the record of a former suit between G. W. Cleveland and the plaintiff, and asked the court to give an instruction telling the jury that all questions involved in that suit were conclusive upon the plaintiff in the present action. The court refused to give such an instruction, and this is also assigned as error. The court was correct in this ruling, for the former action was between plaintiff and another party, and therefore it was not binding on the plaintiff in this case. The court properly admitted the record in evidence to go before the jury for what it was worth as an admission of plaintiff, but it had no force whatever as an adjudication of the plaintiff's rights, so far as concerned his claim in this action against the defendant.

Plaintiff was, as before stated, one of the managing officers of the defendant corporation at the time the alleged contract was made, and it is now contended for the first time that his contract was illegal and unenforceable for that reason. No such question was raised below, either in the pleadings or the in-

structions of the court. The case was submitted to the jury entirely upon other defenses, and it is too late now to raise the question in this court for the first time.

The judgment is therefore affirmed.