MORRIS SPITZ, Appellant, *v.* M. BROOKS & SON, INC., and Another, Respondents.

First Department, October 31, 1924.

**Liens — mechanic's lien — plaintiff was engaged by former owner of premises to furnish window shades and to repair glass — action is against former owner and bonding company that bonded lien — plaintiff has lien under Lien Law, § 2, for repairing glass but not for window shades — present owner of property is necessary party in action to enforce lien — though plea in abatement not made, present owner must be brought in in order to have judgment against bonding company — former owner properly joined under Lien Law, § 54, and judgment properly rendered against it — judgment against treasurer of former owner not bar.**

One who furnishes window shades for a building does not have a lien thereon under section 2 of the Lien Law, but he does have a lien on the building for labor and materials furnished in repairing glass in the building.

Where the premises are conveyed after the work is performed, a judgment cannot be given for a lien upon the property without making the present owner a party to the action. Accordingly in this action, which is against the former owner, the one who contracted for the labor and material, and the bonding company which bonded the alleged lien on the transfer of the property, whose bond provided that the bonding company would pay any judgment rendered against the property for the enforcement of the lien, the present owner is a necessary party.

Though no plea in abatement that the present owner has not been made a party was made, a judgment could not properly be rendered against the bonding company, because the condition of the bond is that a judgment establishing a lien shall first be obtained against the present owner, and the plaintiff not having brought in the present owner, the judgment against the bonding company must be reversed.

The former owner, the one who contracted for the work and labor, was properly made a party under section 54 of the Lien Law, and a personal judgment was properly rendered against it for the amount of the debt.

A judgment heretofore rendered in an action by the present plaintiff against the treasurer of the former owner of the property is not a bar to this action.

APPEAL by the plaintiff, Morris Spitz, from a determination and order of the Appellate Term of the Supreme Court, First Department, made on the 15th day of January, 1924, and entered in the office of the clerk of the county of New York, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Eighth District, in favor of the plaintiff.

*Joseph J. Jacobs,* for the appellant.

*Ary Horwitz* [*Paul Rude* of counsel], for the respondents.

SMITH, J.:

The defendant M. Brooks & Son, Inc., owns some property in New York city. The plaintiff was engaged to provide some window shades and also to repair certain window glass which had been broken in the building. He went to M. Brooks, who was the president of the defendant corporation, who sent him to his son, Samuel Brooks, who was the treasurer of the corporation. He could get no satisfaction and finally sued Samuel Brooks, individually, for the amount of his bill and recovered judgment therefor, upon which execution was returned unsatisfied. He then brought this action against M. Brooks & Son, Inc., and against the New Amsterdam Casualty Company. It seems that M. Brooks & Son, Inc., sold this building to the Dexter Realty Company and the casualty company bonded this lien for the Dexter Realty Company. He recovered judgment in the Municipal Court, and upon appeal to the Appellate Term the judgment was reversed and the complaint dismissed. The Appellate Term held that the judgment against Samuel Brooks was *res adjudicata,* unless the plaintiff can show that there was a several liability, both of the defendant and of Samuel Brooks.

In the first place, one has no lien upon real property for furnishing window shades for a building. Under the law a lien is given simply for permanent improvement to real property, both for labor and for material furnished therefor. Section 2 of the Lien Law (as amd. by Laws of 1916, chap. 507) defines the word " improvement "

to include " the erection, alteration or repair to any structure upon, connected with, or beneath the surface of, any real property and any work done upon such property or materials furnished for its permanent improvement." Plaintiff had no lien, therefore, for the cost of the window shades furnished, but might have a lien for the repair of the glass. The bill of particulars shows just how much was included in each item. The whole sum claimed is $234.85, of which $185.25 was for the window shades and $49.60 was for the repair of the glass. But judgment cannot be given for a lien upon real property in any event without making the owner of the real property a party to the action. (See Lien Law, § 44 *et seq*). This plaintiff has not sued the owner of the real property, the Dexter Realty Company, but has sued the bondsman. But the condition of the bond is that the Dexter Realty Company shall well and truly pay any judgment which may be rendered against the property for the enforcement of said lien against said property, not exceeding the sum of $350.

It is true there is no plea in abatement that the Dexter Realty Company has not been made a party. Being a necessary party, however, the court must order them to be brought in before plaintiff can have a lien upon the real property, or before he can have judgment against the New Amsterdam Casualty Company, because the condition of the bond is that a judgment establishing a lien shall first be obtained against the Dexter Realty Company.

If the plaintiff still desires to prosecute for a lien for the forty-nine dollars and sixty cents, he must bring in the Dexter Realty Company. Not having brought them in, the judgment against the New Amsterdam Casualty Company and the judgment establishing the lien are unauthorized and they were properly reversed. But the Lien Law provides that in an action to establish a lien plaintiff may join the party liable for the debt, and if plaintiff fail to establish the lien, he may have personal judgment against the party liable to pay the debt. (Lien Law, § 54.)

It is true that the defendant corporation, M. Brooks & Son, Inc., is personally liable to pay the debt, and upon failure to establish the lien, the judgment against that corporation was proper as a money judgment under this provision of the Lien Law.

But it is strenuously insisted and has been practically so held by the Appellate Term, that the judgment heretofore obtained against Samuel Brooks is *res adjudicata* of this claim. But this holding ignores the well-settled principle that estoppels must be mutual. M. Brooks & Son, Inc., was not a party to that action and was not bound by the judgment, and under the rule that estoppels must be mutual, this plaintiff would not be bound by that

judgment. That judgment is, therefore, no defense to this action. Under the proof here the contract was made with M. Brooks & Son, Inc., and not with Samuel Brooks. M. Brooks was the president of the corporation and Samuel Brooks was the treasurer. Under the evidence here it is quite evident that the judgment heretofore obtained against Samuel Brooks was unauthorized. The plaintiff, having established the cause of action against the corporation, is clearly entitled to a personal judgment against the corporation, both for the repair to the glass and for the cost of putting in the window shades.

The determination of the Appellate Term should be modified accordingly, without costs to either party.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Determination modified as directed in opinion, and as so modified affirmed, without costs. Settle order on notice.