Bernard Tomson, J.
In this action to establish a mechanic’s lien upon the subject property and for money judgments against the several individual and corporate defendants, the parties’ stipulation leaves for resolution only the question whether the plaintiff is entitled to a mechanic’s lien against the leasehold interest of defendant Nassau Terminal Bowling Alleys, Inc.
The work performed by the plaintiff consisted of supplying necessary labor, materials and equipment to patch damaged sections in the defendant’s “ sprayed fiber acoustic ceilings ”, to paint the ceiling and to perform the usual incidental work connected with such an operation. The statute permits a mechanic’s lien to attach to a leasehold for a term of years. (See Lien Law, § 2, subd. 3: “ Owner. The term ‘ owner ’, when used in this chapter, includes * * * a lessee for a term of years ’ ’.) Section 3 of the Lien Law grants a lien to a ‘ ‘ contractor, subcontractor, laborer, materialman * * * who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner Improvement is defined in subdivision 4 of section 2 as follows: “ The term ‘ improvement, ’ when used in this chapter, includes * * * any work done upon such property or materials furnished for its permanent improvement” (emphasis supplied).
The precise issue therefore presented is whether painting and decorating and the making of such repairs as are ordinarily associated with painting and decorating constitutes a “ permanent improvement ” under the Lien Law of the State of New York. No case has been cited on all fours. There does exist a reference in The Lien Law of New York by William L. Snyder (6th ed., 1916), to “ painting ” at pages 14 and 15, where it is stated, “ b In this connection the word ‘ permanent ’ associated with the word ‘ improvement ’ is important. In the absence of this word any improvement upon realty might authorize a lien therefor. The hired man who mowed the lawn, the farm hand who ploughed the field, or sewed the grain, the gardener who trimmed the trees or cut the shrubbery might file liens upon the property for his labor. Such services are, however, in their nature temporary, and must be repeated with the recurring seasons. Obviously, services, or labor of this character, do not constitute ‘ permanent improvement ’ of real property within the *776 meaning of the statute. But the term‘permanent improvement ’ was doubtless intended to include terracing, sodding, dredging, draining, filling, and grading, making or repairing sidewalks, paper hanging, painting, and the like. Such work is permanent in its character and improves the land for all time, and liens have been sustained for such improvements. Pickett v. Tollner, 7 N. Y. Supp. 196; s. c., 26 St. Rep. 691, was for sodding and terracing. National Wall Paper Co. v. Sire, 163 N. Y. 122, was for paper hanging and decorating. Frederick v. Goodman Street Homestead Assn., 29 N. Y. Supp. 1041; s. c. 61 St. Rep. 650, was for grading roadways through land to be cut into building plots. Mosher v. Lewis, 14 App. Div. 565, was for repairs to sidewalks. ’ ’ (Emphasis supplied.)
National Wall Paper Co. v. Sire (supra) dealt with a contract which included painting, but which was described as a contract ‘ ‘ to make extensive repairs, alterations and improvements in the house ”; further, the precise issue determined was whether the owner had given the consent required by the statute. Although the case cited as authority for the proposition does not support it, it would seem that Snyder’s conclusion is valid.
Section 23 of the Lien Law provides: ‘ 1 This article is to be construed liberally to secure the beneficial interests and purposes thereof.” The cases appear to hold that the requirement for permanence is satisfied if the work, labor and materials are so incorporated in the structure as to become a part of it. See New York Law of Mechanics ’ Liens by Eugene Blanc, Jr. (1949), where at pages 60 and 61 it is stated:
“ The courts have not been literal in the requirement of permanence, and properly so in the light of the Lien Law’s general purposes, and of the command for a liberal construction. The result of the decisions is to exclude, on the ground of lack of permanence, two general classes of labor and materials. The first line is drawn between labor and materials which are consumed in or constitute the improvement itself, and those which become a part of the contractor’s plant, and are owned by him, and merely used in the performance of the contract.
“ The other line is drawn between materials such as steel beams which permanently support the structure, and are clearly a permanent improvement and on the other hand, materials such as window shades and bathroom accessories and closet poles which do not constitute a permanent improvement. There are, of course, many intermediate cases, falling on one side or the other of these lines, such as heavy machinery which is nevertheless removable, but because of the almost unavoidable duplication in some of the definitions of the Lien Law, especially in the *777 definitions of ‘improvement ’ and ‘ materialman further discussion of what constitutes ‘material’.” (Citing Lien Law, § 23; Gates & Co. v. Stevens Constr. Co., 220 N. Y. 38; Empire City Iron Works v. Margolies, 85 Misc. 238; Spits v. Brooks & Son, 210 App. Div. 438; Telsey v. Calvin-Morris Corp., 260 N. Y. 456, reargument denied 261 N. Y. 622; see Griffin v. Ernst, 124 App. Div. 289, affd. no opinion 200 N. Y. 553.)
Measured against the yardstick supplied by the Lien Law and the cases interpreting it, the work, labor, service and materials here furnished, satisfy the definition peculiar to the Lien Law of a “ permanent improvement ”.
Judgment is therefore directed to be entered in favor of the plaintiff against Nassau Terminal Bowling Alleys, Inc., in the sum of $2,655, with interest, costs and disbursements. The judgment will provide that the plaintiff has a valid and subsisting lien upon the leasehold interest of Nassau Terminal Bowling Alleys, Inc., for that amount.