Robert J. Trainor, J.
The plaintiff sues to foreclose a mechanic’s lien upon defendant’s real property arising out of an unpaid balance due plaintiff in the sum of $3,355.70, for improving defendant’s property by furnishing labor and materials in that amount. The labor and materials were for painting and decorating, interior and exterior, and for minor carpentry work. If the lien should be invalid, plaintiff seeks a money judgment of $3,355.70.
The defendant admits the agreement but denies that the plaintiff performed its contract. The defendant also claims that the plaintiff damaged furniture to the extent of $600 for which defendant counterclaims. The defendant further claims that painting and decorating do not constitute permanent improvements within the purview of the mechanic’s Lien Law, and that plaintiff’s alleged lien is invalid.
We dispose of the last argument first and hold that painting and decorating are permanent improvements and fall within the benefits of the mechanic’s Lien Law. We deem the word “ permanent ” in connection with painting and decorating to mean becoming part of the realty rather than an indication of a span of years. In the case of Wahle-Phillips Co. v. Fitzgerald (225 N. Y. 137) in holding that electric fixtures were permanent improvements and within the contemplation of the Lien Law, the Court of Appeals said (pp. 139-141): “ Gras and electric fixtures, as ordinarily attached to a house or other building for use, are, in actions between grantor and grantee, landlord and tenant and mortgagor and mortgagee, held to be personal property. (McKeage v. Hanover Fire Insurance Co., 81 N. Y. 38.) It has been said that they no more constitute part of the realty than would pictures supported by fastenings driven into the wall. Technically, then, they are not permanent improvements to real property. We may, however, take judicial notice of the fact that such fixtures often pass with real property bought or leased, and are unlike articles of furniture, pictures, carpets and hangings which are easily and customarily moved. * * * as *699 stated in the report of the commissioners [of statutory revision] * * * ‘ the underlying principle of all legislation of this character is that a person who, at the request, or with the consent of the owner of real property, enhances its value by furnishing materials or performing labor for the improvement thereof, should be deemed to have acquired an interest in such property to the extent of the value of such materials or labor. This principle should be applied generally to improvements of real property. It is not necessary, therefore, to detail the particular kinds of improvements for which the lien will exist ’ * * * The Lien Law itself provides (§23) that ‘ this article is to be construed liberally to secure the beneficial interests and purposes thereof,’ and the courts have generously applied this rule of construction. * * * We must give the words ‘ improvement of real property ’ a broad and comprehensive meaning.” We also adopt and approve the reasoning in New York Artcrafts v. Marvin (29 Misc 2d 774). [Remainder of opinion not printed since not of general interest.]