■ CHASE LINCOLN FIRST BANK, N. A., Plaintiff, v NEW YORK STATE ELECTRIC & GAS CORPORATION, Defendant. (Action No. 1.) NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent, v ANDERSON TREE COMPANY, INC., Defendant, and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL No. 1249 PENSION FUND et al., Appellants, and CHASE LINCOLN FIRST BANK, N. A., Respondent. (Action No. 2.)—Yesawich Jr., J. Appeal from an order and judgment of the Supreme Court (Coutant, J.), entered January 15, 1991 in Broome County, which, *inter alia,* granted a cross motion by Chase Lincoln First Bank, N. A. for summary judgment in action No. 2.

In 1986, Chase Lincoln First Bank, N. A. acquired a perfected security interest in, *inter alia,* accounts present or after-acquired, contract rights and general intangibles of Anderson Tree Company, Inc. Thereafter, Anderson Tree and New York State Electric & Gas Corporation (hereinafter NYSEG) entered into four contracts pursuant to which Anderson Tree agreed to maintain the vegetation around and near electric utility lines and poles on various easements NYSEG owned in New York. In addition to the foregoing, Anderson Tree was also a party to a collective bargaining agreement between it and the International Brotherhood of Electrical Workers Local Union No. 1249. By the terms of the bargaining agreement, Anderson Tree was to remit fringe benefit contributions and deductions to the International Brotherhood of Electrical Workers Local No. 1249 Pension Fund, the International Brotherhood of Electrical Workers Local No. 1249 Insurance Fund and the National Electrical Benefit Fund (hereinafter collectively referred to as the Brotherhood).

When Anderson Tree defaulted on its obligation to Chase Lincoln, the bank, pursuant to its security interest in Anderson Tree's accounts, commenced action No. 1 against NYSEG to recover $41,765.61 which NYSEG admittedly owed Anderson Tree for the latter's vegetation maintenance work. Because the Brotherhood also claimed entitlement to these proceeds, NYSEG, as stakeholder, subsequently commenced action No. 2 requesting, *inter alia,* that the $41,765.61 be placed with Supreme Court and that NYSEG be discharged from liability to Anderson Tree, the Brotherhood and Chase Lin-

coln. Following an exchange of interpleader pleadings, Chase Lincoln and the Brotherhood each sought summary judgment. Chase Lincoln persuaded Supreme Court that its security interest in the proceeds had priority over the Brotherhood's claim because no lien trust had been established for the Brotherhood pursuant to Lien Law § 70. The Brotherhood appeals. We affirm.

Lien Law article 3-A creates a statutory trust for funds received by owners, contractors or subcontractors "in connection with an improvement of real property in this state" (Lien Law § 70 [1]). The trust's aim is to ensure that "certain parties involved in [such improvement] * * * will be properly compensated for their services" (*Sabol & Rice v Poughkeepsie Galleria Co.*, 175 AD2d 555, 556). Although Chase Lincoln concedes that NYSEG's easements constitute real property for the purposes of Lien Law § 2 (2), it rightly maintains that the services provided by Anderson Tree employees with respect to those easements, namely, cutting, trimming, clearing, disposing and chemically treating of trees and vegetation around NYSEG's electrical utility lines and poles, do not qualify as an "improvement" within the meaning of Lien Law § 2 (4) and § 70 (1). Anderson Tree did not demolish, erect or alter any structure, nor did it perform work or furnish materials for the permanent improvement of such easements *(see,* Lien Law § 2 [4]).

Even accepting the Brotherhood's argument that the labor of those individuals employed by Anderson Tree and covered by the bargaining agreement added value to NYSEG's easements by preventing damage and destruction to power lines, the fact remains that the alleged improvement was not intended to be permanent *(see, Dura-Bilt Corp. v Polimeni,* 87 AD2d 661; *Monroe Sav. Bank v First Natl. Bank,* 50 AD2d 314, 319, *lv denied* 39 NY2d 708). This is evidenced by NYSEG labeling Anderson Tree's work as "management" and "maintenance" in its contract transmittal forms, and more importantly by the nature of the services themselves, which must be performed repeatedly and regularly *(see, New York Artcrafts v Marvin,* 29 Misc 2d 774, 775-776; *Matter of Magowan,* 203 NYS2d 35, 38; *cf., Matter of Country Vil. Hgts. Condominium,* 79 Misc 2d 1088, 1092). And although Lien Law § 70 (8) includes landscaping as "home improvement", that section specifically applies to residential property, not business property. There being no issue of fact regarding Chase Lincoln's superior claim to the funds in dispute, Supreme Court prop-

erly granted Chase Lincoln's cross motion for summary judgment.

Weiss, P. J., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order and judgment is affirmed, with costs.