FOURTH DEPARTMENT, APRIL, 1993

(April 14, 1993)

■ ENGINEERED AIR, a Division of THERMAL COMPONENTS, INC., on Behalf of Itself and All Other Persons, Firms or Corporations Entitled to Share Funds in Connection with the Improvement of Real Property in the Village of Kenmore, Known as Kenmore High-Rise Apartments for the Elderly and Physically Handicapped, Appellant, v LECESSE BROTHERS CONTRACTING, INC., et al., Respondents, et al., Defendants. [596 NYS2d 248] —Order reversed on the law with costs and motion granted. Memorandum: Plaintiff, a supplier of materials to subcontractor G.A. Dyce, Inc. (Dyce), instituted a class action pursuant to article 3-A of the Lien Law on behalf of itself and all others entitled to share funds owed to Dyce by the contractor. Dyce had filed a petition in Bankruptcy Court. Defendants LeCesse Brothers Contracting, Inc. (LeCesse) and LeCesse Corporation asserted as a second affirmative defense that LeCesse, the contractor, had a right, pursuant to its contract with Dyce, to offset against the funds owing to Dyce the costs, including legal fees, that it incurred in responding to a notice of mechanics' liens and trust fund claims and in defending this action.

Plaintiff moved to dismiss so much of the second affirmative defense as sought to offset against the funds owing to Dyce the expenses incurred and to be incurred by way of legal fees and out-of-pocket expenses in connection with the defense of this action. Supreme Court denied that motion on the ground that plaintiff is bound by the contract between the contractor and the subcontractor. That was error.

"The purpose of the enactment of said article 3-A was to make more certain that laborers and materialmen on an improvement are paid from the project funds" *(Frontier Excavating v Sovereign Constr. Co.,* 30 AD2d 487, 489, *appeal dismissed* 24 NY2d 991). The trust assets of which a contractor or a subcontractor is a trustee may be applied to specified expenditures in the performance of the contract or subcon-

tract (Lien Law § 71 [2]). Payment of legal fees to oppose the claims of materialmen would not only be unauthorized by the statute, but such payment, if permitted, would permit the use of trust assets to defeat the rights of the very persons article 3-A was intended to protect *(see, Chase Lincoln First Bank v New York State Elec. & Gas Corp.,* 182 AD2d 906, 907).

All concur except Boomer, J., who concurs in result in the following Memorandum.

Boomer, J. (concurring). I concur in the result reached by the majority, but for a different reason. Plaintiff, a supplier of materials to subcontractor G.A. Dyce, Inc. (Dyce), instituted a class action pursuant to article 3-A of the Lien Law on behalf of itself and all others entitled to share funds owed to Dyce by the contractor, LeCesse Brothers Contracting, Inc. (LeCesse). Dyce had filed a petition in Bankruptcy Court.

Plaintiff moved pursuant to CPLR 3211 (b) to dismiss so much of LeCesse's affirmative defense that alleged that Le-Cesse was entitled to offset against any money found to be due and owing to Dyce any expenses incurred in defending this action. The affirmative defense was based upon the provision in the subcontract between LeCesse and Dyce that Dyce assumed all expenses related to the filing of any mechanics' liens related to Dyce's work, including legal fees in any lien foreclosure action, and that LeCesse may deduct from the amount owing to Dyce any such expenses. The provision further provided that "[t]his same shall apply in the event of any other type of litigation involving alleged non-payment for materials or labor hereunder."

In this action plaintiff in its representative capacity seeks to enforce any right of action that Dyce has against LeCesse under the subcontract *(see,* Lien Law § 70 [1], [7]; § 77 [3] [ii]). Thus, plaintiff is subrogated to the rights of Dyce and we should decide this appeal as though Dyce were suing LeCesse. LeCesse would not be entitled to deduct legal fees incurred in any action brought by Dyce for the balance due under the subcontract and it should not be permitted to do so here. The subcontract, in essence, makes Dyce responsible for certain expenses of LeCesse incurred as the result of Dyce's failure to pay its suppliers or workers. The assertion in this action of Dyce's cause of action against LeCesse for moneys due under the contract cannot be said to be caused by Dyce's failure to pay its suppliers or workers because that cause of action would exist, to be pursued either by Dyce or the trustee in bankruptcy, whether or not Dyce paid its suppliers or workers. Supreme Court erred in denying plaintiff's motion.

I write separately to dispel any inference that may be drawn from the last paragraph of the majority's memorandum that LeCesse is a trustee of any assets of which plaintiff is a beneficiary. LeCesse's only trust obligation is for claims, incurred by it, of its subcontractors, suppliers or laborers. Any claim plaintiff has against LeCesse is derivative of the rights that the subcontractor, Dyce, has against LeCesse. Plaintiff does not have a dual beneficiary status and is the beneficiary solely of the trust assets, including causes of action, held by Dyce (see, Bowmar, Mechanics' Liens in New York § 14.11). The purpose of the enactment of the trust provisions of the Lien Law was to make it more likely that the "funds borrowed on the strength of an improvement should find its ultimate destination, namely, material and labor" (Report of Law Rev Commn Relating to Trust Fund Provisions of Lien Law, 1942 NY Legis Doc No. 65 [H], at 29). Consistent with that purpose, the Legislature established separate trusts (Lien Law § 70 [2]) so that trust funds in the hands of an owner would be held for the payment of claims of contractors, materialmen and workers to whom the owner was obligated (Lien Law § 71 [1], [3] [a]), and that when the funds reached the hands of the contractors they would be held in trust for the subcontractors, materialmen, and laborers of the contractors (Lien Law § 70 [6]; § 71 [2] [a]). Likewise, the funds received by the subcontractors would be held in trust for their subcontractors, materialmen, and laborers (Lien Law § 71 [2] [a]). There was no legislative intent to make an owner a guarantor of payment to the creditors of his contractor (Onondaga Commercial Dry Wall Corp. v Sylvan Glen Co., 26 AD2d 130, 133, affd on opn at App Div 21 NY2d 739), and I can find no legislative intent to make a contractor a guarantor of payment to the creditors of his subcontractor. Inasmuch as LeCesse, as trustee, is responsible only to its creditors such as Dyce, it is misleading to imply that LeCesse is the holder of trust assets for the benefit of the creditors of Dyce. (Appeal from Order of Supreme Court, Erie County, Fudeman, J.— Dismiss Affirmative Defense.) Present—Callahan, J. P., Pine, Lawton, Boomer and Davis, JJ.